[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This four count complaint has been brought by the plaintiff against the defendants Northeast Parking and Transportation, Inc., and Robert Johnson. Counts one and three are directed at Northeast and are based on CT Page 1514 claims of bailment and a violation of the Connecticut Unfair Trade Practices Act (C.G.S. Section 42-110a) (CUTPA). Counts two and four make the same claims against Johnson. Northeast has been defaulted for failure to appear and the complaint against Johnson has been withdrawn. The court heard the matter as a hearing in damages against Northeast on January 23, 2001.
Although this was a hearing in damages, the plaintiff offered evidence in support of its claims on both counts. The plaintiff has proven that it was the owner of a new Chrysler automobile which was in the possession of its president; that Northeast owned and operated a parking lot in Windsor Locks, Connecticut, principally used by individuals departing and arriving by air at Bradley Airport; that the automobile was delivered into the custody of Northeast for safekeeping while the president of the plaintiff was on a trip; that for a consideration to be paid by the plaintiff, the defendant agreed to store the automobile until the president's return; that the automobile was stored in a field that was inadequately lighted, not secure, and unguarded with the keys left in the ignition; that it was the practice of Northeast to store all automobiles in its custody in a like manner; that such conduct is deceptive and unscrupulous in connection with its business in operating a parking lot available to the public; that while the plaintiff's automobile was in the custody of Northeast it was damaged and some of its contents removed due to the aforesaid conduct on the part of Northeast; and that such conduct by Northeast constituted negligence and a violation of CUTPA which caused damage to the plaintiff.
As a result of Northeast's negligence and violation of CUTPA, the plaintiff incurred damages as follows: $281.61 in connection with the rental of a replacement vehicle, and $6,269.15 in damages to the Chrysler and expenses in returning it to Hamden. The plaintiff also offered evidence on the value of golf clubs removed from the trunk, and the value of the time spent by the president in his efforts to retrieve the automobile. These would seem to be losses incurred by the president and not Northeast. Therefore, the plaintiff has proven damages under the first count totaling $6,550.76.
In addition to the damages on the first count, the plaintiff alleged and has proven a violation of CUTPA on the second count. In connection with the CUTPA claim, the plaintiff has proven reasonable attorney's fees of $2,500.00. The court finds that the plaintiff is entitled to punitive damages in the amount of $5,000.00.
Accordingly, judgment may enter in favor of the plaintiff against the defendant Northeast Parking and Transportation, Inc., for compensatory damages of $6,550.76, punitive damages of $5,000.00, and attorneys fees CT Page 1515 of $2,500.00, for a total judgment of $14,050.76.
William L. Hadden, Jr. Judge Trial Referee